UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Gail LeFoll, Individually and on behalf of a class of similarly situated individuals, Plaintiff, | : : : : | |
| v. | : : | 3:08-CV-1593-WWE |
| Key Hyundai of Manchester LLC and Citizen's Automobile Finance Inc., Defendants. | : : : : | |

## MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Gail LeFoll filed this action individually and on behalf of a class of similarly situated individuals against defendants Key Hyundai of Manchester LLC ("Key") and Citizen's Automobile Finance Inc. ("Citizen's") alleging violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"). Plaintiff claims Key failed to conspicuously disclose the first date that payment was due under the retail installment sales contracts for motor vehicles. Plaintiff further alleges that Citizen's accepted assignment of the contracts and that it is likewise liable to plaintiff and the class members because the TILA violations are apparent on the face of the disclosures. Plaintiff also asserts claims under the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110A *et seq.*

Plaintiff has filed a motion for partial summary judgment on the TILA claims. For the following reasons, the motion for partial summary judgment will be granted.

1

## BACKGROUND

Plaintiff is a consumer residing in South Windsor, Connecticut.  Key is a Connecticut limited liability company that operates an automobile dealership in Vernon, Connecticut.  Citizen's is a finance company that has accepted the assignment of retail installment contracts for motor vehicles from Key.

On June 30, 2009 plaintiff purchased a Hyundai Sonata pursuant to a retail installment sales contract from Key.  The contract did not clearly disclose the date that the first payment became due because the due date was printed over preexisting text.  All of the 103 other class members' contracts share the same deficiency, i.e., the payment dates are difficult to discern because they occupy the same space as a preprinted portion of the contracts.  The retail installment contracts for plaintiff and the class members were assigned to Citizen's.

The first count of the amended class complaint asserts that Key violated TILA by virtue of its failure to clearly disclose the dates that the first payments became due.  The second count of the complaint, asserted against Citizen's, asserts that Citizen's violated TILA by accepting assignment of retail installment contracts that contained TILA violations, which were apparent on the face of the contracts.  Plaintiff has moved for partial summary judgment on counts one and two.

## DISCUSSION

A motion for summary judgment must be granted if the pleadings, discovery materials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24. The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him. See Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. See Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

**Truth in Lending Act, 15 U.S.C. § 1601** *et seq.*

      **I.**      **Count One against defendant Key**

15 U.S.C. § 1638, pertaining to credit transactions, provides the following:

> (a) Required disclosures by creditor
> For each consumer credit transaction other than under an open end credit plan, the creditor shall disclose each of the following items, to the extent applicable: . . . (6) The number, amount, and due dates or period of payments scheduled to repay the total of payments.

12 Code of Federal Regulations Part 226, known as Regulation Z, was issued to implement TILA. This regulation applies to each business that offers or extends credit when four conditions are met: (1) the credit is offered or extended to consumers; (2) the offering or extension of credit is done regularly; (3) the credit is subject to a finance charge or is payable by a written agreement in more than four installments; and (4) the credit is primarily for personal, family, or household purposes. 12 C.F.R. § 226.1(c)(1).

Subpart C of Regulation Z requires that creditors disclose "the number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g). "The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a). Courts measure whether disclosures were made clearly and conspicuously using an objective test. Aubin v. Residential Funding Co., LLC, 565 F. Supp. 2d 392, 395 (D. Conn. 2008). Thus, the question becomes whether or not an average, reasonable person would find the disclosures to be clear and conspicuous.

The payment due date is not clear or conspicuous on any of the 104 contracts. The printed due dates range from indistinct to indiscernible, but an average, reasonable person could

not find any of the disclosures to be clear and conspicuous. As such, plaintiff and the class are entitled to summary judgment on count one because there is no genuine issue of fact as to whether defendant Key failed to clearly and conspicuously disclose the first payment due date.

## II. Count Two against Defendant Citizen's

Count two of the amended complaint is asserted under 15 U.S.C. § 1641 against defendant Citizen's for accepting assignment of the retail installment contracts from defendant Key when TILA violations were apparent on the face of the contracts. Section 1641(a) provides, in relevant part:

> Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter or proceeding under section 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary. For the purpose of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter.

In the present case, the violations on the contracts assigned to Citizen's are apparent on the face of the disclosure statements.

## III. Statutory Damages

Although plaintiff originally sought summary judgment on the value of damages, plaintiff now concedes that an evidentiary hearing will be required to assess statutory damages.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for partial summary judgment on the TILA claims is GRANTED.

Dated this 12th day of December, 2011 at Bridgeport, Connecticut.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE