UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Gail LeFoll, Individually and on behalf of    :
a class of similarly situated individuals,      :      Case No. 3:08cv01593(WWE)
    Plaintiff,                                   :
                                                 :
        v.                                       :
                                                 :
Key Hyundai of Manchester, LLC. and             :
Citizen's Automobile Finance, Inc.              :
    Defendants.                                  :

## PROPOSED ORDER AND FINAL JUDGMENT OF DISMISSAL

THIS MATTER has come before this Court seeking approval of the proposed

settlement (the "Settlement") set forth in the *Class Action Settlement Agreement* (the

"*Settlement Agreement*") dated July 20, 2012 and filed with the Court.  This Court has

considered all papers filed and proceedings had herein, and otherwise is fully informed

in the matter, and has determined that the proposed Settlement set forth in the

*Settlement Agreement* should be approved as fair, reasonable, and adequate.  The total

number of Class Members (as that term is defined in the *Settlement Agreement*) is 103.

Actual notice was sent by first-class mail to all Class Members at their last known

mailing addresses.  Additionally, Class Counsel attempted to obtain more recent

addresses as to Class Members whose initial notices were returned as undeliverable,

and then re-mailed the notices to the newer addresses.  There were no objections to the

Settlement, one Class Member opted-out of this lawsuit, and service could not be made

to one class member.

The Court hereby enters this Final Judgment and Order of Dismissal with

Prejudice (the "Final Judgment"), which constitutes a final adjudication of this matter on the merits.  Good cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1.    This Court has jurisdiction over the subject matter of this lawsuit with respect to all claims asserted, and personal jurisdiction over all parties to this lawsuit.

. 2.    The definitions of terms set forth in the *Settlement Agreement* and in the *Order Concerning Notice and Scheduling* are incorporated herein as though fully set forth in this Final Judgment.

3.    The Court hereby approves the Settlement set forth in the *Settlement Agreement* and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class Members.

4.    Plaintiff, individually and on behalf of the Class Members, sought relief, *inter alia*, from Defendants' conduct allegedly undertaken in violation of the Truth in Lending Act.  This Court reaffirms that this action satisfies the requirements of Rule 23 with respect to the Settled Claims, as more fully described in the *Settlement Agreement*.

5.    Due notice was provided to all potential Class Members.  Such notice advised potential Class Members that they would be treated as Class Members unless they opted out by procedures set forth in the notice.

6.    The parties are ordered promptly to carry out their respective obligations under the *Settlement Agreement*.

7.    Neither this Final Judgment nor the *Settlement Agreement* or the fact that this case has been settled (a) is an admission, concession, or indication by Defendants

of the validity of any claims in this case or of any liability, wrongdoing, or violation of law by Defendants; (b) shall be used as an admission of any fault, liability or wrongdoing by Defendants; or (c) shall be offered or received in evidence as an admission, concession, presumption or inference against Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce this Stipulation or the provisions of any related order, notice, agreement or release, or to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

8.   This Court hereby dismisses this lawsuit on the merits and with prejudice against all persons who are Class Members as to all Settled Claims against Defendants, as those terms are defined in the *Settlement Agreement*.

9.   All Class Members are hereby conclusively deemed to have released and discharged the Released Parties as to all Settled Claims.  Notwithstanding the above, Plaintiff and the other Class Members have not released or discharged Defendants from performing their obligations under the *Settlement Agreement*.

10.   All Class Members are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any of the Settled Claims against Defendants.

11.   The "*Notice of Proposed Settlement*" annexed as Exhibit A to the *Settlement Agreement* which sets forth the principal terms of the *Settlement Agreement*, together with the manner of distribution of said notice by first-class mail to all Class Members who could be identified through reasonable efforts as entitled to compensation under the *Settlement Agreement*, constituted the best notice practicable

under the circumstances.  Said notice fully satisfied the requirements of Rule 23 and of due process.

12.   For good cause shown, Class Counsel is awarded fees of $44,000, inclusive of costs and expenses, payable by Defendants to Class Counsel within twenty days following the Effective Date.

13.   Class Counsel is hereby ordered to submit a report to the Court, with a copy to Defendants' counsel, within 30 days following the distribution of funds, providing an accounting of the distribution of the Settlement Fund.

14.   Without affecting the finality of this judgment in any way, the Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and distributions to Class Members and others; (b) disposition of Settlement funds; (c) this lawsuit until this Final Judgment becomes effective and each and every act agreed to be performed pursuant to the *Settlement Agreement* has been performed; and (d) all parties to this lawsuit and the Class Members for the purpose of enforcing and administering the *Settlement Agreement*.

15.   This Order constitutes a final judgment.

Dated this 28th day of December, 2012.

_____
Hon. Warren W. Eginton
Senior United States District Judge

- 4 -